Rukhsanah L. Lighari
Connell Foley LLP
888 Seventh Avenue, 9th Floor
New York, New York 10106
212-307-3700 (Telephone)
212-262-0050 (Fax)
Email: rlighari@connellfoley.com

Daniel A. Boehnen
Nicole A. Keenan
McDonnell Boehnen Hulbert & Berghoff, LLP
300 South Wacker Drive, Suite 3100
Chicago, IL  60606
312-913-0001 (Telephone)
312-913-0002 (Fax)
Email: boehnen@mbhb.com
       keenan@mbhb.com

*Attorneys for Plaintiff,*
*Bodum U.S.A., Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BODUM U.S.A., INC., | ) | |
| | ) | CIVIL ACTION NO. 11-CV-8702 (SAS) |
| Plaintiff, | ) | |
| v. | ) | ECF Case |
| | ) | |
| HANTOVER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, BODUM U.S.A., INC.'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT HANTOVER, INC.'S MOTION TO DISMISS OR TRANSFER**

# Table of Contents

I.   There Is No Basis To Dismiss Or Transfer This Matter As An "Anticipatory Suit" .............. 1

II.  Hantover is Subject to Personal Jurisdiction in This Court ....................................................... 4

   A.   Hantover is Subject to Specific Personal Jurisdiction in this Court. .................................. 4

   B.   Hantover is Subject to General Personal Jurisdiction in this Court. ................................... 6

   C.   The Exercise of Jurisdiction Over Hantover Comports with Fair Play and Substantial Justice ................................................................................................................................... 7

III. Bodum Is Entitled To Jurisdictional Discovery And The Parties Continue To Meet And Confer On The Issue ........................................................................................................................ 9

IV.  Conclusion ............................................................................................................................ 10

# TABLE OF AUTHORITY

**Cases**

*Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) ................................................... 4, 7, 10

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987) ....................................... 9

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d at 1558, 1568 (Fed Cir. 1994) ........... 11

*Breckenridge Pharm, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006) ............. 7, 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985) ................................................ 6, 9

*Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008) ............................................................ 7

*Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996) ............................................. 7

*Deprenyl Animal Health v. Univ. of Toronto*, 297 F.3d 1343, 1349-50 (Fed. Cir. 2002) .. 5, 10, 11

*Electr. for Imaging*, 394 F.3d at 1344........................................................................................... 2

*Electr. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005) ................................. 2, 4

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, (Fed. Cir. 1993)............................................ 1, 3

*Genetic Implant Sys., Inc. v. Core Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997)............................ 7

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n.1 (Fed.Cir. 1998) ..... 5

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ............................................................................... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984)................ 5

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)............................................... 6, 9

*J. McIntyre Machinery v. Nicastro*, --- U.S. ---, 131 S. Ct. 2780 (2011) ................................... 7, 8

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)....................... 6, 8

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................................ 2

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ........................................ 8

**Rules**

Fed. R. Civ. P. 4. .................................................................................................................... 5

Rule 12(b)(2) of the Federal Rules of Civil Procedure .................................................................... 4

Bodum U.S.A. Inc. ("Bodum") filed this complaint for Declaratory Judgment of Patent Invalidity only after Hantover, Inc. ("Hantover") insisted, in the face of overwhelming evidence to the contrary, that its patent is valid and that it will be enforced.  Bodum was well within its rights to bring this action, and Hantover has not suggested that no case or controversy exists between the parties.  Moreover, as shown by the evidence already of record in this case, Hantover is subject to personal jurisdiction in this Court, under the standards for both general and specific personal jurisdiction and its motion to dismiss, thus, should be denied.  In the alternative to a denial of Hantover's motion, Bodum respectfully requests that a decision on Hantover's motion be deferred until jurisdictional discovery is complete,[1] and further evidence can be submitted.  Moreover, Hantover's alternative motion to transfer should be denied.

**I. There Is No Basis To Dismiss Or Transfer This Matter As An "Anticipatory Suit"**

In a declaratory judgment action, the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-8 (Fed. Cir. 1993) (declining to adopt a rule that would "automatically grant the patentee the choice of forum, whether the patentee had sought — or sought to avoid — judicial resolution of the controversy" and noting that this shift of relationship between litigants is contrary to the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the

---

[1] In an effort to avoid the need for the Court's intervention, the parties have met and conferred on limited discovery relating to Hantover's claim that the Court lacked personal jurisdiction over it. To that end, on January 27, 2012, Bodum served Hantover with very specific interrogatories and document requests, each limited to jurisdictional issues.  Counsel have conferred regarding the scope of these requests, both in writing and by telephone, but Hantover has not yet provided any interrogatory answers, nor have the requested documents been produced.

1

dispute, instead of being forced to await the initiative of the antagonist), *partially overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

There must be sound reason to support a determination that it is unjust or inefficient to continue the first-filed action, such as convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest. *Id.* (cited by *Electr. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005)).

In *Electr. for Imaging, Inc. v. Coyle*, the Federal Circuit reversed the district court's dismissal of a declaratory action based solely on the alleged anticipatory nature of the suit. Defendant Coyle issued an ultimatum to Electronics for Imaging ("EFI") on December 5, 2001, warning that unless the parties could reach an agreement by December 15, 2001 concerning technology claimed in an application that would soon mature into a patent, Coyle would file suit. *Electr. for Imaging*, 394 F.3d at 1344. Four days before Coyle's specified deadline, EFI filed a declaratory judgment action as to the patent. *Id.* In response, Coyle moved to dismiss, which the district court granted based on a finding that EFI's lawsuit was anticipatory, given the specific deadline in Coyle's ultimatum. *Id.* at 1344-45. The Federal Circuit, however, reversed, noting that no circumstances had been shown that would make it 'unjust or inefficient' to permit the first-filed action to proceed to judgment. *Id.* at 1348. Thus, the Federal Circuit held that the order dismissing the suit as anticipatory was an abuse of discretion. *Id.*

As in *Elect. for Imaging*, here too, the Court should find that the "anticipatory suit" exception to the first-filed rule does not apply. In the instant matter, as in *Electr. for Imaging*, Hantover sent a letter to Bodum with a date-specific ultimatum. Specifically, the letter stated that "Hantover remains prepared to enforce its patent rights if Bodum refuses to cease selling the

2

BISTRO Knife block or fails to seek a non-exclusive license under the '559 patent by December 2, 2011." Hantover's threat followed four months of silence after Bodum had provided Hantover with prior art establishing the invalidity of the Hantover patent. Where Bodum has been antagonized by Hantover's repeated assertions of patent infringement, Bodum should not be forced to await Hantover's initiative in filing a suit. Bodum was not required to "await the initiative of the antagonist." *Genentech*, 998 F.3d at 937.

Under these circumstances, Bodum was fully within its rights in filing this suit. Moreover, Hantover has established no circumstances that would make it make it "unjust or inefficient" to permit this first-filed action to proceed to judgment. Although Hantover identifies the inventor and certain documents relating to the patent-in-suit as being located in Kansas, (*see* Dkt No. 8 (Hantover's Declaration of Bernard G. Huff ("Huff Decl.") ¶¶3-4)), no other witnesses in Kansas are identified and there is no claim that it would be unduly burdensome to produce those documents located in Kansas. To the contrary, Bodum's witnesses and relevant documents are located within New York, the alleged activity that Hantover claims has infringed its patent has occurred in New York, and Bodum maintains a principal place of business within New York. See, Declaration of Martin Polsky submitted herewith, ¶¶2-4. Thus, the convenience and availability of Bodum's witnesses as well as the location of relevant documents weigh at least as much in Bodum's favor for keeping the case in New York as in Hantover's favor for transfer. Furthermore, Bodum owns no property in Kansas, and has no offices, employees, bank accounts, post office boxes, or telephone lines located in Kansas. Bodum U.S.A., Inc. does not have a Kansas mailing address, pays no taxes or licensure fees to the state of Kansas, and is not licensed to do business in the state of Kansas. Polsky Decl., ¶5. Further, the same reasoning warrants a denial of Hantover's request to transfer this case to Kansas.

3

Therefore, for the reasons set forth above, it is neither unjust nor inefficient to permit this suit to go forward. Hantover has failed to overcome its burden to demonstrate that an exception to the first-filed rule exists; and dismissal of this declaratory judgment action as well as a transfer would be improper.

## II. Hantover is Subject to Personal Jurisdiction in This Court

Contrary to Hantover's assertions, this Court maintains personal jurisdiction over Hantover. As a threshold matter, because the Complaint invokes the patent laws, the Federal Circuit's law applies to the determination of whether personal jurisdiction exists. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) (cited by *Electr. for Imaging*, 340 F. 3d at 1348). When a motion is brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court is to construe the pleadings in the light most favorable to the plaintiff to determine whether a *prima facie* showing of personal jurisdiction has been made. *Electr. for Imaging*, 340 F. 3d at 1349; *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n.1 (Fed.Cir. 1998). Applying the applicable standards here, Hantover's motion to dismiss for lack of personal jurisdiction should be denied because there is general and specific personal jurisdiction, as Hantover has made sufficient contacts with this State. In the alternative to denying Hantover's motion, it is respectfully requested that the Court grant Bodum leave to seek the jurisdictional discovery it needs to fully assess and challenge the assertions made in Hantover's motion.

### A. Hantover is Subject to Specific Personal Jurisdiction in this Court.

This Court has specific personal jurisdiction over Hantover. Personal jurisdiction exists where an applicable statute potentially confers jurisdiction through authorized service of process

on the defendant and where the exercise of jurisdiction would satisfy the requirements of the Due Process Clause. *Deprenyl Animal Health v. Univ. of Toronto*, 297 F.3d 1343, 1349-50 (Fed. Cir. 2002) (citations omitted). Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to rely on the state long arm statute of the state in which the federal district court sits to obtain statutory authorization for the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4.

It is well-established that there are two types of personal jurisdiction that may comport with due process: specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984). If the claim at issue arises out of or is related to a defendant's contacts with the forum, then specific personal jurisdiction exists. *See Helicopteros*, 466 U.S. at 414-16. If a defendant's contacts with a particular forum are continuous and systematic, even if those contacts are unrelated to the claims at issue, then general personal jurisdiction exists. *See LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (citing *Helicopteros*, 466 U.S. at 414-16).

For specific personal jurisdiction to arise, the defendant must have "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). Three elements must exist for the Court to exercise specific jurisdiction: 1) the defendant "purposefully directed" its activities at residents of the forum; 2) the claim "arises out of or relates to" the defendant's activities in the forum; and 3) the exercise of jurisdiction is "reasonable and fair." *Inamed*, 249 F.3d at 1360. Indeed, a foreign corporations' targeting or concentration on a particular State or States can subject them to specific jurisdiction. *J. McIntyre Machinery v. Nicastro*, --- U.S. ---, 131 S. Ct. 2780 (2011).

5

In the instant matter, specific personal jurisdiction exists because Hantover has sought to enforce the patent-in-suit in the State of New York, sending correspondence to and from Bodum's New York location. Indeed, Hantover sought to enforce its patent-in-suit by demanding that Bodum, located in New York, enter into a license agreement with Hantover, and it is possible that Hantover has entered into license agreements with other entities or individuals within New York. Such patent enforcement activities will subject a patentee to specific personal jurisdiction. *See Electr. for Imaging*, 340 F.3d at 1351; *Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008); *Breckenridge Pharm, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006); *Genetic Implant Sys., Inc. v. Core Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997); *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996); *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995).

Indeed, Hantover purposefully directed its claims of patent infringement at a corporation in New York, the claims at issue relate directly to Hantover's contacts with this State, and the exercise of personal jurisdiction would be "fair and just" considering Hantover's purposeful dealings with residents of New York. As a result, this Court has specific personal jurisdiction over Hantover, and Hantover's motion to dismiss should be denied.

### B.  Hantover is Subject to General Personal Jurisdiction in this Court.

Hantover's contacts with the State of New York are continuous and systematic such that this Court maintains personal jurisdiction over it.

To establish general jurisdiction, there must be a showing that the defendant has the requisite minimum contacts with the forum state that would permit it be reasonably aware of the possibility of "being haled into court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). Because the concept of minimum contacts is a fluid one, the

quality and nature of the contacts are relevant.  *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Accordingly, a defendant that substantially and continuously solicits business in New York, and engages in other substantive activities within the State, may be subject to general personal jurisdiction of the courts of New York.  *LSI Indus.,* 232 F.3d 1369 (finding "continuous and systematic" contacts with the forum state based on millions of dollars of sales and its broad distribution network).  In that instance, "[t]he question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *McIntyre*, 131 S. Ct. at 2790.

Applying that standard to this case, Hantover's own exhibits establish that Hantover has had sales of over a million dollars in New York in the year in which the suit was filed, as well as at least the two preceding years.  See, Dkt. No. 8 (Huff Decl. ¶6).  Sales of this order of magnitude, and over an extended period, could not have happened without "substantial and continuous solicitations" through sales of its product with residents of New York.  Given this limited information, it is likely that jurisdictional discovery could show that Hantover has engaged in other activities of commercial substance in this State that would rise to continuous and systematic contacts sufficient to confer general personal jurisdiction over Hantover.  In any event, at this early stage, Bodum has met its burden of making a *prima facie* showing that Hantover is subject to general personal jurisdiction in this Court.

### C.  The Exercise of Jurisdiction Over Hantover Comports with Fair Play and Substantial Justice

In addition to the existence of specific and/or general jurisdiction, the Court's exercise over Hantover comports with traditional notions of fair play and substantial justice.  *See Burger King*, 471 U.S. at 476-77.  Determining whether Hantover has demonstrated that the exercise of

7

jurisdiction would be so unreasonable as to violate fair play and substantial justice requires consideration of several factors. *Inamed*, 249 F.3d at 1363. These factors include: 1) the burden on the defendant; 2) the interests of the forum state; 3) the plaintiff's interest in obtaining relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Id*. (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)).

First, the burden to Hantover of being hailed to a court in New York is no greater than the burden of subjecting Bodum to litigation in Kansas, where each party has documents and witnesses in its home forum. Moreover, the patent in suit covers a knife block, which is not a complicated technology for which document discovery is expected to be of a substantial nature.

Second, New York has a substantial interest in protecting the rights of its residents that are faced with claims of alleged patent infringement such as Bodum. *Deprenyl*, 297 F.3d at 1356. A State undoubtedly has a substantial interest in discouraging injury within its borders, and this interest encompasses injury arising from the attempted enforcement of a non-infringed, invalid and/or unenforceable patent. *Akro Corp.*, 45 F.3d at 1549.

Third, Bodum has a substantial interest in obtaining prompt and efficient relief that resolves the allegations asserted against it regarding Hantover's patent. That interest is ensured by being able to prosecute this matter in this forum.

Fourth, the States' collective interest in efficient resolution of disputes is furthered by maintaining this action in this forum. Although this litigation is in its early stages, this Court has the mechanisms to promptly and efficiently resolve the parties' patent dispute, particularly considering this Court's Pilot Project and Patent Pilot Program.

8

Finally, the shared interest of the several states in furthering fundamental substantive social policies weighs in favor of exercising personal jurisdiction over Hantover. Although there are no strong social policies wholly apparent in this litigation, the State of New York has compelling reasons to protect its residents from allegations of patent infringement.

Consequently, considering all pertinent factors, this is not one of those "rare cases" in which the defendant has demonstrated a compelling case of unreasonableness by the exercise of personal jurisdiction. *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d at 1558, 1568 (Fed Cir. 1994) (citing *Burger King*, 471 U.S. at 477). Hantover has not shown the presence of factors that render the exercise of personal jurisdiction so unreasonable as to violate fair play and substantial justice. *Deprenyl*, 297 F.3d at 1356, 1357. Accordingly, it is respectfully requested that the Court deny Hantover's motion to dismiss for lack of personal jurisdiction.

### III. Bodum Is Entitled To Jurisdictional Discovery And The Parties Continue To Meet And Confer On The Issue

Just three days following the filing of its motion, counsel for Bodum contacted counsel for Hantover by telephone to discuss jurisdictional discovery. On January 27, 2012, Bodum served Hantover with very specific interrogatories and document requests, which were limited to the issue of personal jurisdiction. (See, Declaration of Sandra B. Weiss, Exhibits A, B) Bodum also provided Hantover with a letter explaining its position as to why the discovery was necessary, and proposed a modified briefing schedule for this motion. (*Id*., Exhibit C). On January 30, 2012, Hanover counsel advised Bodum that it believed that the requested discovery was unnecessary and irrelevant, and that Hantover would neither respond to the requests nor agree to modify the briefing schedule, unless and until the discovery requests were modified "to seek only relevant information and to reduce the burden in responding." (*Id* , Exhibit D). On

9

February 1, 2012, Bodum once again explained in detail to Hantover why the requested discovery was relevant, and cited the controlling case law. (*Id*, Exhibit E). Since that time, counsel for the parties have discussed the jurisdictional discovery requests, but Hantover has not yet responded to these requests as of the filing of this Response. Because jurisdictional discovery is relevant and important to Hantover's motion to dismiss, it is respectfully requested that the Court grant Bodum leave to conduct limited jurisdictional discovery.

### IV. Conclusion

For the reasons set forth above, personal jurisdiction over Hantover is proper. It is respectfully requested, therefore, that the Court deny Hantover's motion to dismiss for lack of personal jurisdiction or transfer. Alternatively, Bodum respectfully requests that this Court defer its decision on this portion of Hantover's motion until Hantover provides the requested discovery responses which are specifically directed to these issues. so that Bodum may fully assess and challenge Hantover's contentions.

Respectfully submitted,

**Connell Foley LLP**

Date: <u>February 10, 2012</u>   By: <u>*s/Rukhsanah L. Lighari*</u>
Rukhsanah L. Lighari
Connell Foley LLP
888 Seventh Avenue, 9th Floor
New York, NY 10106
212-307-3700 (Telephone)
212-262-0050 (fax)
rlighari@connellfoley.com

Daniel A. Boehnen
Nicole A. Keenan

10

        **McDonnell Boehnen Hulbert & Berghoff, LLP**
300 South Wacker Drive, Suite 3100
Chicago, IL  60606
312-913-0001 (Telephone)
312-913-0002 (fax)
boehnen@mbhb.com
keenan@mbhb.com


*Attorneys for Plaintiff*
*Bodum U.S.A., Inc.*

11