# EXHIBIT E



McDonnell Boehnen Hulbert & Berghoff LLP

300 South Wacker Drive
Chicago, Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

February 1, 2012

**VIA E-MAIL:** mbh@hoveywilliams.com

Michael B. Hurd
Hovey & Williams
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

Re:   Bodum U.S.A., Inc. v. Hantover, Inc.
      11 CIV 8702
      United States District Court for the Southern District of New York

Dear Michael:

This is in response to your letter of January 30, 2012, relating to jurisdictional discovery in this case.

I note with appreciation your statement that Hantover remains willing to work with Bodum on an informal basis to expedite the briefing on Hantover's motion to dismiss. In light of the upcoming deadline for Bodum's opposition to your motion, please let us know if you consent to an extension of that deadline to February 16, 2012, while we continue to work out any issues as to the scope of jurisdictional discovery.

Local Rule 37.3(a) states that "prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute," the attorneys shall attempt to confer in good faith in person or by telephone. My earlier phone call to you was just that - an effort to seek agreement regarding jurisdictional discovery under this local rule. But in any event, Bodum has not sought judicial resolution of a discovery dispute, and it is our hope that we can resolve any dispute between counsel, without the intervention of the court.

Bodum does not agree that, with respect to the issue of general personal jurisdiction, the absolute number of Hantover's sales in New York is irrelevant.  In *Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp. 2d 428 (2003), the defendant had sold only $40,000 worth of goods to New Yorkers over a three year period.  In *Zipper v. Nichtern*, the defendant had sold only $106,359.77 worth of product in New York.  These cases do not create a blanket rule that only the percentage in relation to the defendant's total sales are to be considered in determining general personal jurisdiction.  Nor is it surprising that the court declined to exercise general personal jurisdiction under those circumstances, given that they are quite different from Hantover's.  It is clear that three years of sales figures should be considered, as confirmed by the court in *Hutton v. Priddy's*.  Moreover, having presented three years of sales data to the court, Hantover is hardly in a position now to argue that the data is irrelevant.  Nor does the case law hold that a pattern of increased sales in the forum is irrelevant.

The license of the Hantover patent, and certain exclusive provisions thereof, are relevant to the exercise of specific personal jurisdiction of a forum over a patentee declaratory judgment defendant, as explained by the Federal Circuit in *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006).  Therefore, discovery into the nature of the license and circumstances surrounding the license is appropriate here.

Further, Bodum disagrees that its interrogatories are objectionable under the local rules.  Local Rule 33.3(b) states that interrogatories other than those seeking the information described in Local Rule 33.3(a) may be served if they are a more practical method of obtaining the information sought than a request for production or a deposition.  In this case, for purposes of determining whether the court may properly exercise general or specific personal jurisdiction, we suggest that interrogatories are far more practical and efficient than a deposition.

Furthermore, each of the discovery requests is relevant to either general personal jurisdiction or specific personal jurisdiction.  The factors listed at page 7 of Hantover's memorandum are not exclusive in the determination of personal jurisdiction.  A New York court may exercise jurisdiction over a foreign corporation pursuant to section 301 if the corporation was "doing business" in New York when the lawsuit was filed.  *Laufer v. Ostrow*, 55 N.Y.2d 305 (N.Y. 1982), cited in *Zipper v. Nichtern*.  In this case, Hantover's sales of over a million dollars in New York in the year in which the suit was filed, as well as at least the two preceding years, may be considered to be "doing business."  If the court in New York has general jurisdiction over a foreign corporation, then that corporation may be dragged into the court for matters wholly unrelated to its activity in New York.  *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990).  In considering jurisdiction under the "pragmatic" doing-business standard, one of the factors to be

considered is the solicitation of business in New York.  *Landoll Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).  If the solicitation is substantial and continuous, and the defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist.  *Id.*  Further, once solicitation is found in any substantial degree, very little more is necessary to support a conclusion of "doing business."  *Id.*  Under this law of the state of New York, the limited discovery requests served on Hantover are reasonably calculated to determine if Hantover is doing business in the state of New York so as to be subject to general personal jurisdiction.

Finally, Bodum is entitled to discovery on the question of specific personal jurisdiction over a declaratory judgment defendant patentee under the law of the Federal Circuit.  Specific personal jurisdiction will be found where the patentee has engaged in activities in the forum state relating to enforcement of the patent, including entering into exclusive licenses.  *See, e.g.*, *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003); *Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008); *Breckenridge Pharm, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006); *Genetic Implant Sys., Inc. v. Core Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997); *Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996); and *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995).

In view of the foregoing, Bodum requests again that Hantover respond to the discovery requests served on Friday, January 27, 2012, and agree to a modified briefing schedule as previously requested.  Please advise by the close of business Wednesday, February 1st whether Hantover will agree.  We are available if counsel wishes to discuss these issues further by telephone.

Very truly yours,

*Sandra B. Weiss*

Sandra B. Weiss

SBW/jl
Enclosures

cc:     Daniel A. Boehnen e-mail: boehnen@mbhb.com
        Rukhsanah Lighari e-mail: RLighari@connellfoley.com